**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

CYLESIER YOUNG and BO YOUNG,
Individually and as Co-Administrators of the
Estate of Mariah Young, a Minor, Deceased,

          **Plaintiff,**

v.                          **No. 2:12-CV-02042-STA-cgc**

WASTE CONNECTIONS OF TENNESSEE, INC.,
and VICTOR MOORE,

          **Defendants.**

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION IN
LIMINE REGARDING DEFENDANTS' EXPERTS**

Before the Court is Plaintiffs' Motion in Limine Regarding Defendants' Experts. (Docket Entry "D.E." #74, #75). The instant motion was referred to the United States Magistrate Judge for determination. (D.E. #79). For the reasons set forth herein, Plaintiffs' Motion is GRANTED IN PART AND DENIED IN PART.

**I. Background**

This case arises from a fatal automobile collision that occurred in DeSoto County, Mississippi on May 24, 2011. Plaintiffs' Complaint asserts that Defendant Victor Moore ("Moore") negligently caused the collision and that Defendant Waste Connections of Tennessee, Inc. ("Waste Connections") is also liable for the actions of Moore, its employee, pursuant to the doctrine of *respondeat superior*. Defendants' Answer argues that Plaintiffs' decedent, Mariah Young, was contributorily negligent in causing the accident.

1

In support of their defense of contributory negligence, Defendants' retained William Kluge ("Kluge"), an accident reconstructionist. Kluge prepared a Preliminary Report of his findings, which was attached to the instant motion as Exhibit 1. Among his conclusions, Kluge opined that "it cannot be ruled out that Ms. Young's limited driving experience under a learners' permit status was a factor that caused her to use relatively poor judgment and rather quickly attempt to cross the intersection as the truck was approaching." Kluge further opines that Young "accelerated from a stop about 1.4 seconds after a sedan passed the left side of her vehicle," that she "accelerated at a fairly high and aggressive rate," and that it is "not reasonably easy" to "look in both directions and properly assess approaching vehicles before proceeding to cross a roadway." Kluge stated that these were "factors that also resulted in the collision." Plaintiffs seek in the instant motion that the Court enter preliminary instructions to the parties, to counsel, and to all witnesses, not to refer to these portions of Kluge's report regarding Young's licensure and her caution proceeding into the intersection during the trial of this case.

Defendants additionally designated a second accident reconstructionist, Ronald E. Kirk ("Kirk"), to potentially testify at trial. Kirk did not submit his own report, but he did review and approve Kluge's report in his role of President of Kluge's employer, Research Engineering, Inc. Defendants state that they designated both Kluge and Kirk in the event that one of them was unavailable for trial but that they do not intend to call both experts to testify.

## II. Analysis

### A. Kluge's Expert Opinions

With respect to the admissibility of Kluge's opinions on Young's licensure and operation of her vehicle, Rule 702 governs expert testimony and provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Rule 702 requires "more than subjective belief or unsupported speculation" for expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993). As the *Daubert* court reasoned, the adjective "'scientific' implies a grounding in the methods and procedures of science" and the word "'knowledge' connotes more than a subjective belief or unsupported speculation." *Id.* The party offering the expert has the burden of proving admissibility. *Id.* at 592 n.10.

Upon review of Kluge's opinion that "[i]t cannot be ruled out that Ms. Young's limited driving experience under a learners permit status was a factor that caused her to use relatively poor judgment and rather quickly attempt to cross the intersection as the truck was approaching," the Court finds that Defendants' have failed to demonstrate that this conclusion is the product of reliable principles and methods or is based upon Kluge's scientific, technical, or other specialized knowledge. Instead, while Kluge's employer is listed on the report to offer "Consulting Engineers & Testing Laboratories" and he is offered to "testify in the field of accident reconstruction and engineering," there is no information in the record that Kluge is qualified as an expert to provide an opinion on any alleged impact of Young's failure to be licensed or lack of driving experience. His

report does not include any studies or methodology for assessing the abilities of drivers under such circumstances. Thus, this portion of his report is too speculative under *Daubert*. Accordingly, expert testimony shall not be permitted on this issue.

Upon review of Kluge's opinion that Young "accelerated from a stop about 1.4 seconds after a sedan passed the left side of her vehicle," that she "accelerated at a fairly high and aggressive rate," and that it is "not reasonably easy" in that amount of time to "look in both directions and properly assess approaching vehicles before proceeding to cross a roadway," Kluge's report provides ample scientific and technical support for how his expertise in accident reconstruction assisted him in reaching these conclusions. He provides that the average perception-reaction time for motorists is approximately 1.5 seconds, which will assist the trier of fact in its determination of whether Young utilized sufficient care and caution in assessing crossing traffic. Kluge further provides that the "maximum acceleration rate of most sedans under similar conditions typically falls in the range of 0.30 to 0.40 g's" and that Young's acceleration rate was .35g's. This technical information will also assist the trier of fact in determining whether Young may have realized that Moore was rapidly approaching the intersection but sought to quickly cross it. Both the average perception-reaction time and the typical acceleration rate of a sedan are not the types of information that would be possessed by an average juror, and thus Kluge's expertise is the of the nature contemplated by Rule 702. Accordingly, expert testimony will be permitted on these issues.

**B. Kirk's Testimony**

With respect to Kirk's testimony, Defendants advise that they did not intend to call both Kluge and Kirk to testify; however, in the event that Kluge is not available for trial, they intend to call Kirk to testify as to the same expert opinions. The Court finds that this is permissible, as Kirk

has agreed he shares the opinions in Kluge's report and has signed that the report affirming that he,

as President of Research Engineers, Inc., has reviewed the Kluge's report.  Accordingly, Plaintiffs'

Motion in Limine to prevent Kirk from testifying because he did not provide his own expert report

is DENIED.  However, the Court will only permit Defendants' to offer either Kluge or Kirk as an

expert, depending upon availability.

        **IT IS SO ORDERED** this 14th day of March, 2012.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
