```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| CYLESIER YOUNG and BO YOUNG, individually and as Co-Administrators of the Estate of Mariah Young, a minor, deceased, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   No. 12-2042<br>) |
| WASTE CONNECTIONS OF TENNESSEE, INC. and VICTOR MOORE, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Defendants Waste Connections of Tennessee, Inc. ("Waste Connections") and Victor Moore's ("Moore") (collectively, "Defendants") February 11, 2013 Motion for Partial Summary Judgment. (Motion, ECF No. 70); (see also Defs.' Mem. in Supp. of Motion for Partial Summary J., ECF No. 70-1) ("Defs.' Mem.")  Plaintiffs Cylesier Young ("Cylesier Young") and Bo Young ("Bo Young") (collectively, "Plaintiffs"), individually and as Co-Administrators of the Estate of Mariah Young ("Mariah Young") responded on March 11, 2013. (Pls.' Mem. in Opp. to Defs.' Motion, ECF No. 87-2) ("Pls.' Mem.")

Defendants replied on March 22, 2013. (Defs.' Rep., ECF No. 91.) Plaintiffs bring a wrongful death suit based on Defendants' alleged negligence. Defendants seek summary judgment on Plaintiffs' claims that: (1) Moore operated a vehicle at an excessive rate of speed in a school zone; (2) Waste Connections is vicariously liable for hiring, training, and supervising Moore; and (3) Defendants are liable for punitive damages. For the following reasons, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

I. Background[1]

On the morning of May 24, 2011, Mariah Young was killed in an automobile accident (the "Accident") at the intersection of Star Landing Road and Wilson Mill Road in DeSoto County, Mississippi. (Compl. ¶ 1); (Defs.' Statement of Material Facts ¶ 1, ECF No. 70-2) ("Defs.' Statement.") The Accident occurred in an area that was marked as a school zone with a posted speed limit of 20 miles per hour ("mph").[2] (Compl. ¶ 10); (Defs.' Resp. to Pls.' Statement of Material Facts ¶ 1) ("Defendants admit that signs near the intersection indicate a 20 mph speed limit but deny that the speed limit was adopted by the DeSoto County Board of Supervisors."); (see also Pls.' Statement of

---

[1] All facts in the Background are undisputed for purposes of the Motion unless otherwise stated.
[2] Defendants dispute whether the speed limit was adopted by the DeSoto County Board of Supervisors. (Defs.' Statement of Material Facts, ECF No. ¶ 19); (see also Defs.' Resp. to Pls.' Statement of Material Facts ¶¶ 1-3, ECF No. 90.)

2

Material Facts ¶ 1, ECF No. 87-4.)  Two flashing yellow lights indicated school zone boundaries.  (Compl. ¶ 10.)  There was no stop sign or stop light for traffic on Star Landing Road.  (Defs.' Statement ¶ 10.)  Traffic stopped on Wilson Mill Road had a clear view of approaching traffic, and there were no visual obstructions in any direction. (Id.)

Mariah Young's 2000 Honda Civic LX was traveling South on Wilson Mill Road when it collided with Moore's 2007 Mack Truck, which was traveling West on Star Landing Road.  (Compl. ¶ 10); (Defs.' Statement ¶¶ 52-53.)  The parties dispute the applicable speed limit, but it is undisputed that Moore was traveling between fifty-one and fifty-five mph.  (Defs.' Statement ¶ 53.) Plaintiffs allege that Moore was an agent or employee acting within the scope of his employment at the time of the Accident. (Compl. ¶ 12.)

Moore's vehicle was equipped with a DriveCam system that recorded and saved video of the Accident.  (Id. ¶ 10); (Defs.' Statement ¶ 6.)  After Mariah Young pulled into the intersection, Moore swerved but was unable to avoid the collision.  (Compl. ¶ 10); (Defs.' Statement ¶ 54.)  Moore's truck collided with the driver's side of Mariah Young's Honda Civic.  (Compl. ¶ 10.)  Mariah Young suffered life-threatening injuries, from which she died on May 27, 2011.  (Id.); (Defs.' Statement ¶ 56.)

3

The Chancery Court of DeSoto County, Mississippi, appointed Plaintiffs as Co-Administrators of Mariah Young's estate (the "Estate"). (Compl. ¶ 6.) Plaintiffs bring suit individually and on behalf of the Estate. (Id.) Plaintiffs seek compensatory and punitive damages.

## II.  Jurisdiction and Applicable Law

Under 28 U.S.C. § 1332(a), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" between citizens of different states. 28 U.S.C. § 1332(a)(1). Cylesier Young is a citizen and resident of DeSoto County, Mississippi. (Compl. ¶ 1, ECF No. 1.) Bo Young is a citizen and resident of Dallas, Texas. (Id. ¶ 2.) At the time of the Accident, Mariah Young was a citizen and resident of DeSoto County, Mississippi. (Id. ¶ 3.) Cylesier Young and Bo Young were appointed Co-Administrators of the Estate by the Chancery Court of DeSoto County, Mississippi, and the Estate is being administered in the Chancery Court of DeSoto County. (¶ 6.) Waste Connections is a Delaware Corporation with its principal place of business in Folsom, California. (Id. ¶ 4.) Moore is a citizen and resident of Cordova, Tennessee. (Id. ¶ 5.) The parties are completely diverse, and the amount-in-controversy requirement is satisfied.

In diversity actions, a federal court applies the choice of law provisions of the state in which it sits. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998) ("It is well-established that federal courts sitting in diversity must apply the choice-of-law rules of the forum state.").

Plaintiffs' claims sound in tort. For tort claims, Tennessee follows the "most significant relationship" rule, which provides that "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation." Hicks v. Lewis, 148 S.W.3d 80, 86 (Tenn. Ct. App. 2003) (quoting Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992)).

The injury in this case occurred in Mississippi. Mariah Young was a Mississippi resident. The parties do not dispute the application of Mississippi law. Mississippi substantive law applies.

**III. Standard of Review**

Under Federal Rule of Civil Procedure 56, on motion of either party, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the burden of

5

clearly and convincingly establishing the nonexistence of any genuine [dispute] of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see Fed. R. Civ. P. 56(a).  The moving party satisfies this burden by demonstrating that the respondent, having had sufficient opportunities for discovery, has no evidence to support an essential element of her case.  See Fed. R. Civ. P. 56(c)(2); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the respondent must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c).  A genuine dispute for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Mere reliance on the pleadings is insufficient opposition to a properly supported motion.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Instead, the nonmovant must present "concrete evidence supporting [her]

6

claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989) (citations omitted); see Fed. R. Civ. P. 56(c)(1). The district court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). The nonmovant has the duty the identify specific evidence in the record that would be sufficient to justify a jury decision in her favor. See Fed. R. Civ. P. 56(c)(1); InterRoyal Corp., 889 F.2d at 111. "Summary judgment is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (internal quotation marks and citations omitted).

**IV. Analysis**

Defendants argue that: (1) claims based on exceeding school zone speed limits fail as a matter of law; (2) direct negligence claims against Waste Connections must be dismissed; (3) Plaintiffs' negligent hiring, training and supervision claims must be dismissed because Waste Connections has admitted vicarious liability; (4) claims for punitive damages must be dismissed; and (5) hedonic damages and recovery based on pain and suffering are inappropriate.

7

### A. Material Factual Dispute About School Zone

Plaintiffs base their negligence claim, among other things, on Moore's: (1) operating a vehicle at an excessive rate of speed in a posted school zone; (2) failure to acknowledge and heed yellow flashing lights in the school zone; and (3) failure to abide by Mississippi law. (Compl. ¶ 13.)

Defendants argue that Plaintiffs have not offered evidence that a local governing body adopted the school zone speed limit. Plaintiffs argue that they have offered (1) excerpts from Moore's deposition, in which he admits he knew he was driving through a school zone and (2) a police report stating that the Accident occurred in a school zone. (Dep. of Victor Moore 55:14-17, ECF No. 87-1 ("Yeah, they got a [school zone] sign on each end, on the west end and the east end."); (see also Accident Report 2, ECF No. 70-3) ("[T]he accident happened in a school zone that is posted 20 mph and both caution lights were flashing at the time of the accident.")

Defendants rely on Miss. Code Ann. § 63-3-515, which provides that:

> The boards of supervisors of counties and the governing authorities of municipalities are hereby authorized to adopt by order or resolution and to enforce within their respective territorial boundaries the maximum legal rate of speed at which a motor vehicle may be run or operated along any public street, road, highway (except state-maintained highways), or portion thereof in the vicinity of schools and churches, upon levees and causeways and in

8

> other special zones which the board or governing authorities may designate. The rate of speed so established shall be determined upon the basis of an engineering and traffic study. The order or resolution setting such speed limits may provide that such limits are only effective during specified times of the day, days of the week and months of the year.

Defendants argue that, absent evidence showing approval by the board of supervisors, the speed limit was fifty-five mph. Because Plaintiffs have not offered "significant, probative, and admissible" evidence, Defendants argue, Plaintiffs' claim must be dismissed.

A party responding to a motion for summary judgment may rely "solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Plaintiffs are not required, as Defendants argue, to submit rebuttal affidavits showing that a local sovereign body adopted a school zone. See id. The police report and deposition excerpts establish the existence of a school zone beyond "some metaphysical doubt." Matsushita Elec. Indus. Co., 475 U.S. at 586. Plaintiffs have provided "concrete evidence" that supports submitting the existence of a school zone to the jury. Cloverdale Equip. Co., 869 F.2d at 937.

Defendants rely on Niles v. Sanders, in which the Mississippi Supreme Court states, if "the existence of such a special speed restriction is alleged and denied, or if its

9

legality is put in issue by a responsive pleading, proof should then be required, the burden resting upon the party having the affirmative, as in other cases of disputed fact." See Niles v. Sanders, 218 So. 2d 428, 431 (Miss. 1969) (emphasis added). Niles directs the parties, after the legality of a school zone has been disputed, to follow the standard established in "cases of disputed fact." Id. Plaintiffs have satisfied that burden because their supporting materials show that "proof will be offered as to the existence of a special speed zone created by competent authority and violation of the speed limit." Id. (emphasis added). "Will be" is the operative phrase. Because Plaintiffs have offered concrete evidence showing the existence of a school zone, they are entitled to offer evidence of its legality at trial.

Defendants also argue that deposition excerpts and police report are inadmissible. A nonmoving party is not required to "produce evidence in a form that would be admissible at trial to avoid summary judgment." Celotex, 477 U.S. at 324; see also McGuire v. Michigan Dept. of Community Health, 12-1378, 2013 U.S. App. LEXIS 9560, at *4 (6th Cir. May 9, 2013) ("In cases like the instant one, where the nonmoving party bears the burden of proof at trial on a dispositive issue, the party is not required to produce evidence in a form that would be admissible at trial in order to avoid summary judgment.") (citation and

10

quotation marks omitted). The content, not the form, must be admissible. See Bailey v. Floyd Cnty. Bd. of Educ., 106 F.3d 135, 145 (6th Cir. 1997).

Without deciding the admissibility of Plaintiffs' evidence, Plaintiffs have offered evidence that "is capable of being presented in admissible form at trial." McGuire, 2013 U.S. App. LEXIS 9560, at *5 (citing J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990)); see also Alexander v. Caresource, 576 F.3d 551, 558 (6th Cir. 2009) (emphasis in original) ("[T]he party opposing summary judgment must show that she *can* make good on the promise of the pleadings by laying out enough evidence that *will be* admissible at trial to demonstrate that a genuine issue of material fact exists, and that a trial is necessary."). Moore's deposition testimony could be admissible as an admission by a party opponent under Rule 801(d)(2) of the Federal Rules of Evidence. The police report could be admissible as a public record because it is "based upon the knowledge or observations of the preparer of the report." Miller v. Field, 35 F.3d 1088, 1091 (6th Cir. 1994). Because Plaintiffs rely on content that could be admissible at trial, Defendants' argument is not well taken.

Summary judgment on Plaintiffs' excessive speed claim is DENIED.

**B. Direct Negligence and Vicarious Liability Claims**

11

Defendants argue that Plaintiffs' direct negligence claim against Waste Connections must be dismissed because vicarious liability has been admitted. Plaintiffs' direct negligence claim is based on negligent hiring, training, and supervision. Plaintiffs argue that there is a dispute of material fact about whether Defendants were negligent.

"[U]nder Mississippi law it is appropriate to dismiss all claims of negligent entrustment and the like when the defendant concedes liability under respondeat superior." Booker v. Hadley, 2009 U.S. Dist. LEXIS 63498, at *4-5 (S.D. Miss. 2009). The "and the like" language includes claims for negligent hiring, training, and supervision. Curd v. Western Express, Inc., 2010 U.S. Dist. LEXIS 116795, at *5 (S.D. Miss. 2010) ("[I]t is unnecessary for a plaintiff to present evidence of negligent entrustment, or for that matter negligent hiring or training, where the defendant employer admits vicarious liability."); Davis v. ROCOR Int'l, No. 3:00-cv-864BN, 2001 U.S. Dist. LEXIS 26216, at *22 (S.D. Miss. Dec. 19, 2001). Courts grant summary judgment to defendants who admit vicarious liability because "a defendant [who] declines to protect himself against a claim of vicarious liability . . . voluntarily enters the arena to entertain a claim of negligence." Welch v. Loftus, 776 F. Supp. 2d 222, 225 (S.D. Miss. 2011) (granting a defendant's motion for summary judgment on a plaintiff's

negligent entrustment claim because the defendant admitted vicarious liability).

Plaintiffs argue that Defendants are not entitled to summary judgment because there are genuine issues of material fact about Waste Connections' hiring, training, and supervision of Moore. Admitting vicarious liability insulates Waste Connections from the factual disputes Plaintiffs have identified. Welch, 776 F. Supp. 2d at 225; Curd, 2010 U.S. Dist. LEXIS 116795, at *5; Booker, 2009 U.S. Dist. LEXIS 63498, at *4-5; Walker v. Smitty's Supply, Inc., 2008 U.S. Dist. LEXIS 37949, at *15-16 (S.D. Miss. May 8, 2008). Moore's alleged negligence in the Accident, not Waste Connections' alleged negligence in hiring, training, and supervising Moore, is the relevant issue at trial. Because Defendants have admitted vicarious liability, summary judgment on Plaintiffs' claim based on negligent hiring, training, and supervision is GRANTED.

### C. Punitive Damages

Defendants argue that Plaintiffs' punitive damages claim must be dismissed because: (1) Plaintiffs have not met their burden of proving a reduced speed zone; (2) Moore's alleged negligence does not justify punitive damages; and (3) Waste Connections cannot be vicariously liable for punitive damages.

Defendants' argument about the school zone has been addressed. Insofar as Defendants seek judgment on Plaintiffs'

13

punitive damages claim because Plaintiffs have not established that the Accident occurred in a school zone, Defendants' argument is not well taken.

Paragraph Nineteen in the Complaint states that Defendants "should have known, in light of the surrounding circumstances [], that the conduct emanating from the high rate of speed at which Defendants' vehicle was being operated in a school zone was carried out with gross negligence, which evidences a wanton and/or reckless disregard for the safety of Mariah Young and other motorists." (Compl. ¶ 19.)  In Paragraph Twelve, Plaintiffs allege that Waste Connections is vicariously liable. (Id. ¶ 12) ("Victor Moore was an agent or employee of Waste Connections and acting within the scope of his employment or agency at the time of the [Accident].  As such, pursuant to the doctrine of respondeat superior, any negligence on the part of [] Victor Moore is imputed to Waste Connections as a matter of law.")

Mississippi's punitive damages statute provides that:

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code Ann. § 11-1-65(1)(a)  "Punitive damages are to be assessed only in extreme cases, and since they are intended as

14

an example and warning to others, they should be allowed only with caution and within narrow limits." Wallace v. Thornton, 672 So.2d 724, 728 (Miss. 1996) (citations omitted); Boling v. A-1 Detective & Patrol Serv., Inc., 659 So.2d 586, 588-89 (Miss. 1995) (punitive damages not appropriate in cases of simple negligence).

Waste Connections is entitled to summary judgment on the issue of punitive damages. Mississippi law "'absolutely forecloses vicarious liability for punitive damages.'" Bradley v. Wal-Mart Stores, Inc., 2006 U.S. Dist. LEXIS 70110, at *10 (S.D. Miss. Sept. 27, 2006) (quoting Duggins v. Guardianship of Washington, 632 So. 2d 420, 423 (Miss. 1993)). This conclusion is consistent with the weight of authority interpreting Mississippi law. See id.; see also Dawson v. Burnette, 650 F. Supp. 2d 583, 586 n.1 (S.D. Miss. 1999) ("Defendant Carolina Southern . . . cannot be held vicariously liable for punitive damages on account of the conduct of its employee."); Francois v. Colonial Freight Sys., No. 3:06-cv-434-WHB-LRA, 2007 U.S. Dist. LEXIS 92136, at *15 (S.D. Miss. Dec. 14, 2007) ("[A]s a matter of Mississippi law, Colonial cannot be held vicariously liable for punitive damages based on his actions."); Decanter v. Builders Transport, Inc., No. 3:95cv134-B-A, 1996 U.S. Dist. LEXIS 21409, at *4 (S.D. Miss. July 11, 1996) ("The court finds that Builders Transport, Inc. cannot be liable for punitive

15

damages on the basis of vicarious liability."). Summary judgment on Plaintiffs' claim for punitive damages based on vicarious liability against Waste Connections is GRANTED.

Whether Moore's conduct justifies punitive damages turns on "the totality of the circumstances, as revealed in the record, to determine if a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard." Bradfield v. Schwartz, 936 So.2d 931, 936 (Miss. 2006) (citing Ross–King–Walker, Inc. v. Henson, 672 So.2d 1188, 1191 (Miss. 1996)). "[F]or the issue of punitive damages to warrant jury consideration, [the plaintiff] must show that a question of fact exists as to whether the aggregate of [the defendant's] conduct . . . evidences willful or wanton conduct or the commission of a fraud." Id.

Although, in "the automobile context, the Supreme Court of Mississippi has been extremely reticent to permit punitive damages in cases involving the mere commission of traffic violations," Burnette, 650 F. Supp. 2d at 585 (citation omitted), there is a genuine issue of material fact about whether Moore was grossly negligent. Moore admitted knowing he was driving through a school zone at the time of the Accident. (Victor Moore Dep. 56:5-7.) He knew the speed limit was 20 mph. (Id. 59:1-6.) He drove the school zone speed limit earlier in the day that the Accident occurred. (Id.) Nevertheless, he

16

drove at an accelerated rate of speed through the school zone at the time of the Accident. (Id. 59:12-16.) A jury could find that Moore acted "in a manner . . . that [] 'discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them.'" Welch, 776 F. Supp. 2d at 227 (denying a defendant's motion for partial summary judgment on plaintiff's punitive damages claim arising from a traffic accident).

Rejecting Moore's argument in favor of partial summary judgment on Plaintiffs' punitive damages claim "does not foreclose the possibility that the Court might ultimately refuse to submit the question to a jury." Id. (citation omitted). Plaintiffs, at this stage in the proceedings, have submitted enough evidence to create a genuine issue of material fact on their punitive damages claim against Moore. Summary judgment on Plaintiffs' claim for punitive damages against Moore is DENIED.

### D. Hedonic Damages and Pain and Suffering

Defendants argue that Plaintiffs' request for hedonic damages must be dismissed. (Defs.' Mem. 18); (Compl. ¶ 17.) Defendants also argue that Plaintiffs' request for damages based on Mariah Young's pain and suffering must be dismissed because she was never conscious after the accident. (Defs.' Mem. 18); (Compl. ¶ 17.)

17

Insofar as Plaintiffs make a claim for Mariah Young's wrongful death, Defendants are entitled to summary judgment. "In any wrongful death action, there shall be no recovery for loss of enjoyment of life caused by death." Miss. Code Ann. § 11-1-69.

Defendants are not entitled to summary judgment on Plaintiffs' claim of pain and suffering. Between the collision and the arrival of first responders, there is an unaccounted period of time. Whether Plaintiffs are entitled to damages based on pain and suffering must be resolved by a jury.

## V. Conclusion

For the foregoing reasons, Defendants' Motion for Partial Summary judgment is GRANTED IN PART and DENIED IN PART. Summary Judgment on Plaintiffs' claim that Moore drove in excess of a school zone speed limit is DENIED. Summary judgment on Plaintiffs' vicarious liability claim against Waste Connections is GRANTED. Summary judgment on Plaintiffs' punitive damages claim against Waste Connections is GRANTED. Summary judgment on Plaintiffs' punitive damages claim against Moore is DENIED. Summary judgment on Plaintiffs' claim for hedonic damages is GRANTED. Summary judgment on Plaintiffs' claim for pain and suffering is DENIED.

So ordered this 31st day of July, 2013.

                                         s/ Samuel H. Mays, Jr._____
                                         SAMUEL H. MAYS, JR.
                                         UNITED STATES DISTRICT JUDGE